**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0912-18T1

BANK OF AMERICA, N.A.,

     Plaintiff-Respondent,

v.

WADELL P. SMITH,

     Defendant-Appellant.

_____

Submitted May 29, 2019 – Decided June 19, 2019

Before Judges Hoffman and Suter.

On appeal from Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-007676-16.

Wadell P. Smith, appellant pro se.

Parker McCay, PA, attorneys for respondent (Eugene R. Mariano, of counsel; Stacy L. Moore, Jr., on the brief).

PER CURIAM

Defendant Wadell Smith appeals from the August 17, 2018 trial court order denying his motion to set aside the sheriff's sale and allow redemption on a foreclosed property due to plaintiff's alleged failure to file proper proofs. For the reasons that follow, we affirm.

I.

In December 2008, defendant executed a note to Allied Mortgage Group, Inc. (Allied) for the sum of $403,987. On the same day, defendant executed a mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for Allied. Plaintiff came into possession of the debt as successor to an assignee of the mortgage.

In August 2010, defendant defaulted. Plaintiff filed a foreclosure complaint in March 2016. In December 2016, the trial court granted plaintiff's motion for summary judgment. In December 2017, plaintiff submitted an application for final judgment, which the court granted in January 2018.

In April 2018, defendant filed a motion to vacate final judgment. The court denied the motion the following month. In June 2018, defendant filed a motion to dismiss, which the court denied. The same month, a sheriff's sale was held and plaintiff purchased the property. Subsequently, in July 2018, defendant filed a motion to set aside the sheriff's sale. The trial court denied this motion

A-0912-18T1

in August 2018. This appeal followed, based only on the motion to set aside the sheriff's sale.

## II.

To succeed in a foreclosure action, a plaintiff need merely prove: (1) the validity of the note and mortgage; (2) the defendant defaulted on the loan; and (3) plaintiff has the right to resort to the mortgaged property in satisfaction of the loan. Great Falls Bank v. Pardo, 263 N.J. Super. 388 (Ch. Div. 1993). Defendant does not contest any of these material elements. Rather, defendant argues plaintiff failed to comply with amended foreclosure Rules 4:64-1 and 4:64-2. Essentially, defendant argues plaintiff erred by filing certifications rather than affidavits.

We review motions to set aside a sheriff's sale for abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-03 (2008). To set aside, we require a showing of fraud, accident, surprise or mistake, irregularities in the sale, or other similar circumstances. See R. 4:50-1; Karel v. Davis, 122 N.J. Eq. 526, 528 (E & A 1937).

Here, even assuming the bank's attorneys made mistakes, we find no circumstances to justify an order under Rule 4:50-1 vacating the judgment. Indeed, after reviewing the record, we find insufficient merit in defendant's

3

arguments to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief comments.

On June 9, 2011, our Supreme Court adopted amendments to the rules governing foreclosure actions. See N.J. Judiciary, Residential Mortgage Foreclosure Rules: Amendments to Rules 4:64-1 and 4:64-2; Revised Form Certifications/ Affidavits (June 9, 2011).

The amendments require an attorney for a foreclosure plaintiff to execute a Certification of Diligent Inquiry confirming the attorney has communicated with an employee of the plaintiff or its loan servicer and confirmed the accuracy of the Note and other foreclosure documents. Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:64-1 and cmt. 1 on R. 4:64-2 (2019). Likewise, the plaintiff must file an affidavit of amount due. R. 4:64-2.

However, despite defendant's argument to the contrary, the rule "permits proof of the amount due to be submitted by certification . . . ." See Pressler & Verniero, cmt. 1 on R. 4:64-2 (2019). Likewise, the rule explicitly allows for a certification for the diligent inquiry. See R. 4:64-1.

Additionally, defendant only appealed the denial of his motion to set aside the sheriff's sale. He did not appeal the orders denying his motion to vacate final judgment or his motion to dismiss. Thus, we are unable to set aside the final

judgment as defendant requests.  See Pressler & Verniero, cmt. 6.1 on R. 2:5-1(f)(1) (2017) (citing Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div. 1994)) (rejecting review of the trial court's denial of a request for special interrogatories because the issue was not listed in the notice of appeal).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0912-18T1